NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DWAYNE DRICKETTS, | : | |
| | : | Civ. No. 23-1893 (CCC) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**CECCHI, District Judge**

*Pro se* Petitioner Dwayne Dricketts ("Petitioner"), an inmate at South Woods State Prison in Bridgeton, New Jersey, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. A habeas petition must include either a $5.00 filing fee or an application to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1914(a), 1915(a); Rules Governing § 2254 Cases, Rule 3, 28 U.S.C.A. foll. § 2254. Petitioner's filing did not include either the $5.00 fee or an application to proceed IFP.

A habeas petition must also include a *Mason* acknowledgment. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second or successive habeas petition under § 2254 must be dismissed unless certain very specific and rare circumstances (not clearly present here) exist. *See* 28 U.S.C. § 2244. "As a result of the AEDPA's two-strike rule, it is essential that habeas petitioners include in their first petition all potential claims for which they might desire to seek review and relief." *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000). Thus, before ruling on a *pro se* § 2254 petition, a court must notify the petitioner that he may (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition

"within the one year statutory period." *Id.* at 418. This notice is required "out of a sense of fairness." *Id.*; *see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005) (explaining same).

An acknowledgment of this notice is reflected on page 17 of this Court's blank § 2254 petition. *See* AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), "Petition for Relief From a Conviction or Sentence By a Person in State Custody," https://www.njd.uscourts.gov/sites/njd/files/forms/relief%20from%20conviction%20in%20custody.pdf. Petitioner, however, prepared his petition using a different form. ECF No. 1. If Petitioner wishes to have his petition ruled on as filed, he may send back a signed copy of page 17. If he wishes to withdraw the petition and include additional claims "within the one year statutory period," he may send the Court a letter to that effect.

Accordingly, the Clerk of the Court will be ordered to administratively close this proceeding. Petitioner may reopen this proceeding by either paying the $5.00 filing fee or submitting a complete IFP application, and notifying the Court whether he wishes to have his application ruled on as filed or withdraw his petition and submit one all-inclusive § 2254 petition.

IT IS, therefore, on this 27th day of April, 2023,

**ORDERED** that the Clerk of the Court shall administratively terminate this proceeding; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if his case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely. *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); and it is further

**ORDERED** that Petitioner may have this proceeding reopened, if, within forty-five (45) days of the date of the entry of this Order, he (1) either pre-pays the $5.00 fee or submits to the Clerk a complete signed IFP application, including a complete affidavit and the required

certification of an officer of the institution, and (2) notifies the Court in writing whether he wishes to have his petition ruled on as filed or whether he wishes to withdraw his petition and submit one all-inclusive § 2254 petition; and it is further

**ORDERED** that to the extent Petitioner wishes to withdraw his original petition and submit one all-inclusive amended petition, he must submit the amended petition within forty-five (45) days of the date of this Court's Order; and it is further

**ORDERED** that, upon (1) receipt of a writing from Petitioner stating that he wishes to reopen this proceeding, (2) either a complete IFP application or filing fee within the time allotted by this Court and (3) a writing within the time allotted by this Court stating whether he wishes to have his application ruled on as filed or withdraw his petition and submit one all-inclusive § 2254 petition, the Clerk will be directed to reopen this proceeding; and it is finally

**ORDERED** that the Clerk shall serve (1) a copy of this Memorandum and Order, (2) a blank Application to Proceed In Forma Pauperis in a Habeas Corpus Case (form DNJ-Pro Se-007-B-(Rev. 09/09)), and (3) a blank Section 2254 form (AO 241 (modified): DNJ-Habeas-008 (Rev. 01-2014)) upon Petitioner by regular U.S. mail.

                                                      s/ Claire C. Cecchi
                                              **CLAIRE C. CECCHI, U.S.D.J.**